# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ashley Edgar, <br>       Plaintiff, <br> <br>v. <br> <br>YAS Partners 2, Inc., d/b/a/ Papa Johns, <br>DRAS Partners, LLC., d/b/a PaPa Johns, <br>and Anand Shanmugam, <br>      Defendants. | ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Ashley Edgar, by and through her counsel, O'Connor | O'Connor, P.C., hereby brings this Complaint against Defendants YAS Partners 2, Inc., DRAS Partners, LLC and Anand Shanmugam, and alleges as follows:

## NATURE OF ACTION

1. Ashley Edgar ("Williams") brings this action to recover unpaid overtime wages Defendants willfully failed to compensate under the Fair Labor Standard Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiff further seeks to recover the difference between the wages Defendant paid to similarly situated male employees and her under the Equal Pay Act ("EPA") and the Illinois Equal Pay Act ("IEPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1377 and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1322 and 1367.

3. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

4. Plaintiff is a 23-year-old female.

5. Defendant YAS Partners 2, Inc., d/b/a/ Papa Johns ("YAS") operates several pizza chain restaurants in Buffalo Grove and Prospect Heights, Illinois.

6. Defendant DRAS Partners, LLC ("DRAS") also operated a chain of Papa Johns franchise stores including the store located in Highland Park, Illinois.

7. Plaintiff received paychecks from both Yas and DRAS.

8. The State of Secretary of Illinois record shows that DRAS was involuntarily dissolved on December 4, 2020.

9. During the relevant time period, DRAS and YAS constituted an "enterprise" as that term is defined in the FLSA because they performed related activities through unified operation and/or common control for a common business purpose.

10. During the relevant time period, the defendant entity restaurants owned or operated by Defendant Shanmugam collectively engaged in well over $500,000 in annual revenue.

11. Plaintiff was employed at Defendant Papa Johns from 2015 to November 20, 2020, when she was terminated by Defendant. At the time of termination, her position was an assistant manager.

12. Defendant Anand Shanmugam ("Shanmugam") is the owner of the Papa Johns restaurants Plaintiff worked for.

13. Defendant Shanmugam also owns and operates Papa Johns restaurants in Mount Prospect, Palatine, Prospect Heights, Schaumburg, Niles, and Streamwood, Illinois.

14. Even though Plaintiff's title was an assistant manager, she rarely supervised employees. Her Plaintiff's main job duties included making food, cashier, clean and sweep the store, customer service and sales.

15. Thus, Plaintiff was a non-exempt employee throughout the time period of her employment who should have been paid overtime by the Defendants for hours worked in excess of 40 hours per week.

16. However, Plaintiff was never paid overtime even though she regularly worked overtime daily during her employment.

17. Throughout her employment, Plaintiff was paid hourly and was directed to work more than 40 hours per week by Defendant Shanmugam.

18. Plaintiff's rate was $10 per hour in 2018 and $11 per hour in 2019 and 2020.

19. Plaintiff worked 7 hours overtime per week in 2018, and 15 hours overtime in 2019 and 2020.

20. During her employment, Plaintiff was paid $4 less per hour than other similarly situated male employees.

## -- COUNT I --

### Failure to Pay Overtime Wages
### In Violation of the FLSA
### (Against Defendants YAS, DRAS, and Shanmugam)

21. Plaintiff restates and incorporates the foregoing paragraphs here in Count I.

22. At all relevant time, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (e) and 207 (a).

23. Defendants are covered employers under the FLSA at all relevant times.

24. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times her regular rates of pay for all hours worked in excess of forty (40) in any week.

25. Plaintiff worked at least 7-10 hour overtime hours per week between 2018 and 2020.

26. Plaintiff was not a salaried exempt employee, but Defendants failed to pay her overtime compensation.

27. Defendant Shanmugam is individually liable as "employers" under the broad definitions provided by the FLSA because he is an owner and operating manager of Papa Johns, holds supervisory authority over Plaintiff, maintains control over employment practices including but not limited to employee compensation and expense reimbursement, and is responsible for the decision not to pay Plaintiff overtime wages and agreed upon wages.

28. Defendants have at all times relevant failed and refused to pay compensation to Plaintiffs as described above.

29. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

**WHEREFORE,** Plaintiff Ashley Edgar respectfully seeks the following relief:

a. back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint;

b. Liquidated damages;

c. pre and post judgment interest with respect to the total amount of unpaid overtime compensation;

d.  Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

e.  such additional relief as the Court deems appropriate under the circumstances.

## --COUNT II—
### Failure to Pay Overtime Wages
### In Violation of the IMWL
### (Against Defendants YAS, DRAS, and Shanmugam)

30. Plaintiff restates and incorporates the foregoing paragraphs here in Count II.

31. At all relevant times, Plaintiff was an employee under the meaning of the Illinois Minimum Wage Law (the "IMWL") as she worked as a sever for Defendant. 825 ILCS 105/3(d).

32. At all relevant times, Defendants were an employer under the meaning of the IMWL because it is a corporation employing more than one employee. 825 ILCS 105/3(c).

33. Plaintiff worked at least 7-10 hour overtime hours per week between 2018 and 2020.

34. Defendant Shanmugam is individually liable as "employers" under the broad definitions provided by the IMWL because he is an owner and operating manager of Papa Johns, holds supervisory authority over Plaintiff, maintains control over employment practices including but not limited to employee

compensation and expense reimbursement, and is responsible for the decision not to pay Plaintiff overtime wages and agreed upon wages.

35. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.* 45.

36. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

**WHEREFORE,** Plaintiff Ashley Edgar respectfully seeks the following relief:

a. back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint;

b. treble damages;

c. penalty in the amount of 5% of the amount of such underpayments for each month following the date such underpayments remain unpaid;

d. pre and post judgment interest with respect to the total amount of unpaid overtime compensation;

e. Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

f. such additional relief as the Court deems appropriate under the circumstances.

**--COUNT III--**
**Equal Pay Act**

**(Against Defendants YAS, DRAS, and Shanmugam)**

37. Plaintiff restates and incorporates the foregoing paragraphs here in Count III.

38. Defendants paid Plaintiff $ 4 less than other male assistant managers employed with them for the same or substantially similar work.

39. Plaintiff performed such work under similar working conditions as male employees.

40. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

41. The above discrimination was based on sex, in violation of the Equal Pay Act.

42. As a direct, legal and proximate result of the discrimination, Plaintiff sustained damages.

WHEREFORE, P Ashley Edgar respectfully seeks the following relief:

a. back pay equal to the amount of all underpayment for the two years preceding the filing of this Complaint;

b. award an additional equal amount as liquidated damages;

c. award additional damages when this is found to be an intentional action on the part of the Defendants;

d. award reasonable attorney's fees and costs; and

e. order any other relief that the Court deems just and equitable.

## -- COUNT IV --

### Illinois Equal Pay Act

### (Against Defendants YAS, DRAS and Shanmugam)

43. Plaintiff restates and incorporates the foregoing paragraphs here in Count II.

44. Defendants paid Plaintiff $ 4 less than other male assistant managers employed with them for the same or substantially similar work.

45. Plaintiff performed such work under similar working conditions as male employees.

46. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

47. The above discrimination was based on sex, in violation of the Equal Pay Act.

48. As a direct, legal and proximate result of the discrimination, Plaintiff sustained damages.

WHEREFORE, Plaintiff Ashley Edgar respectfully seeks the following relief:

a. back pay equal to the amount of all underpayment for the five years preceding the filing of this Complaint;

b. award an additional compensatory and punitive damages;

    c. award additional damages when this is found to be an intentional action on the part of the Defendants;

    d. award reasonable attorney's fees and costs; and

    e. order any other relief that the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                                                                    Respectfully Submitted,
                                                                                    Ashley Edgar,
                                                                                    By: /s/ Heewon O'Connor.
                                                                                   One of Plaintiff's Attorneys

Heewon O'Connor (ARDC# 6306663)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 212
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
heewon@oconnor-oconnor.com